UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DWAYNE HARRIS, | ) | CASE NO. 1:09 CV 2157 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| KEITH SMITH, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Petitioner Dwayne Harris filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Harris is incarcerated in the Mansfield Correctional Institution. In the petition, he asserts that he was not given a proper parole revocation hearing in 1989, and that his sentences were improperly aggregated. For the reasons stated below, the petition is denied and this action is dismissed.

**Background**

Mr. Harris was convicted of aggravated burglary and rape in 1982 and was sentenced to 7 to 25 years incarceration on count one and 6 to 26 years on count two. His sentences were ordered to be served concurrently. He filed an appeal of this conviction. The judgment was affirmed by the Ohio Eighth District Court of Appeals on September 1, 1983. Mr. Harris served 6 years of his sentence before being released on parole in May, 1988.

In December 1988, while on parole, Mr. Harris was arrested and charged with new offenses which led to four different criminal cases in Cuyahoga County, Ohio. He was indicted and

convicted on charges of kidnaping, rape, and felonious assault in Case No. CR-235106, in connection with the abduction, rape, and shooting of a female victim. The conviction included gun and aggravated felony specifications. He was sentenced on May 10, 1989 to thirteen to twenty-five years on the charge of kidnaping, thirteen to twenty-five years on the charge of rape, twelve to fifteen years on the felonious assault charge, and three years actual on the gun and aggravated felony specifications. In Case No. CR-236656, Mr. Harris was indicted and pled guilty to one count of rape, in connection with the sexual assault of a seventeen year old female. He was sentenced on May 10, 1989 to ten to twenty-five years incarceration. While in jail awaiting resolution of these proceedings, Mr. Harris assaulted another inmate. This led to his indictment on one count of felonious assault with specifications in Case No. CR-236857. Mr. Harris pled guilty to the reduced charge of aggravated assault and was sentenced to one and one-half years incarceration. His fourth case, pertaining to having a weapon under disability, was dismissed on May 10, 1989. All of Mr. Harris's 1989 sentences were to be served concurrent to each other. He claims the 1989 sentences were silent on how they were to be served in relation to the 1982 sentences. The Ohio Bureau of Sentence Computation concluded on June 8, 1989 that because the crimes were committed while he was on parole, the sentences by law were required to be served consecutive to the sentences he received in 1982. His maximum aggregate sentence was calculated to expire in June 2035.

Mr. Harris filed a consolidated appeal of his convictions in 1989. In the appeal, he asserted claims of prosecutorial misconduct, use of improper evidence and conviction against the manifest weight of the evidence. His convictions were upheld on December 13, 1990. See State of Ohio v. Harris, Nos. 57920, 57857, and 57855, 1990 WL 203840 (Ohio App. 8 Dist. Dec. 13, 1990).

2

Mr. Harris followed that appeal with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in the United States District Court for the Northern District of Ohio in February 1993. The case, Harris v. Tate, No. 1:93 CV 330 (N.D. Ohio filed Feb. 16, 1993), was assigned to United States District Judge George W. White. In the petition, Mr. Harris asserted four grounds of prosecutorial misconduct and one count of insufficient evidence to support his conviction. The writ was denied and the action dismissed on October 22, 1993. The decision was affirmed by the Sixth Circuit Court of Appeals on October 10, 1995.

Thereafter, Mr. Harris filed several different actions to contest aspects of his convictions as well as the denial of his release on parole when he first became eligible for consideration. He filed a declaratory judgment action in the Franklin County Court of Common Pleas in 2001 to contest the use of Ohio's new parole guidelines to determine his suitability for parole. See Harris v. Wilkinson, No. 01 AP-598, 2001 WL 1497194 (Ohio App. 10 Dist Nov. 27, 2001). He did not receive a favorable decision. He filed a claim of false imprisonment in the Ohio Court of Claims in 2005. See Harris v. Ohio Adult Parole Authority, No. 2003-07146, 2005 WL 3642706 (Ohio Ct. Cl. Dec. 22, 2005). The court held he was not falsely imprisoned since he was still incarcerated under a valid sentence. The court also stated his sentence would expire in 2035. Id. He filed a post-conviction petition in the Cuyahoga County Court of Common Pleas in September 2006 seeking to vacate his conviction, and requesting a new trial. His petition was denied as untimely. See State of Ohio v. Harris, No. 89156, 2008 WL 604812 (Ohio App. 8 Dist. Mar. 6, 2008). Mr. Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the Northern District of Ohio on December 26, 2006, Case No. 1:06 CV 2342 (N.D. Ohio filed September 27, 2006)(Oliver, J.). In the petition, Mr. Harris

3

contested the use of new Ohio parole guidelines to determine suitability for release on parole. That petition was denied. He filed two other actions in the Ohio courts to seek a new trial and the production of evidence used to convict him. Those actions were dismissed.

Mr. Harris indicates that in 2007, he filed a petition for a writ of habeas corpus in the Ohio courts contesting the aggregation of his sentences and asserting that his maximum sentence should expire in 2016 rather than 2035. The Ohio courts dismissed the petition stating that a state habeas petition can only be filed by an individual who remains incarcerated after his maximum sentence expired. Because Mr. Harris was still, by his own assertion, lawfully incarcerated until at least 2016, the court determined Ohio habeas corpus relief was not available at that time. He appealed that decision to the Ohio Court of Appeals and to the Ohio Supreme Court. The Ohio Supreme Court declined to accept jurisdiction on April 8, 2009.

Mr. Harris has now filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the sentences he received in 1982 and the sentences he received in 1989 were to be served concurrent and not consecutive to each other. His aggregate sentences should expire therefore in December 2016, rather than June 2035. He claims the Ohio Bureau of Sentence Computation violated the doctrine of separation of powers set forth in the Ohio Constitution Art. IV. Sec. I. Mr. Harris also argues his parole was not properly revoked in 1989. He states he was required to receive a formal revocation hearing. He indicates he has been incarcerated for 20 years and the Ohio Adult Parole Authority ("OAPA") has not conducted such a hearing. He claims he was denied due process. Finally, Mr. Harris contends the OAPA is applying "bad time" to sentences for disciplinary infractions committed in prison. He indicates they consider disciplinary infractions when determining if and when an inmate should be released on

parole. He claims this is also a violation of the doctrine of separation of powers set forth in the Ohio Constitution.

## Analysis

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). The United States Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

As an initial matter, there is no indication that Mr. Harris exhausted his state court remedies. Mr. Harris does not indicate any state court proceeding where parole revocation or bad

5

time issues were asserted. He states he filed a petition for a writ of habeas corpus in the Ohio courts in 2007 to contest the Ohio Bureau of Sentence Computation's determination in 1989 that his 1982 sentences and his 1989 sentences should be served consecutive to each other. That petition was dismissed because Mr. Harris did not qualify for the limited relief offered under the Ohio statute. Moreover, to comply with the exhaustion requirement, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). There is no suggestion that the claims presented in the Ohio habeas action were raised as an issue of federal constitutional law.

Generally, petitioner's failure to exhaust state court remedies requires dismissal of the entire petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). However, where "the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion," exhaustion may be excused. Cain v. Redman, 947 F.2d 817, 820 (6th Cir. 1991). Because the claims in this petition are meritless, exhaustion is not required. Id.

Mr. Harris asserts that the Ohio Bureau of Sentence Computation and the Ohio Adult Parole Authority violated the doctrine of separation of powers set forth in the Ohio Constitution Art. IV. Sec. I. This claim is not cognizable for purposes of federal habeas corpus review. The separation of powers between a state trial judge and state parole board or bureau of sentence computation members is a matter of state law. See Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000). A federal court may not grant habeas relief based upon "a perceived error of state law." Id.

Mr. Harris's claim that he did not receive a parole revocation hearing in 1989 is also not cognizable in this habeas petition. While he has not exhausted this claim, there is no remedy after 20 years which is available to him. Claims challenging parole revocations may be raised in a

6

state habeas corpus petition pursuant to Ohio Rev.Code § 2725.01, or in a state writ of mandamus pursuant to Ohio Rev.Code § 2731.01. See Papenfus v. Tibbals, 289 F.Supp.2d 897, 900-01 (N.D.Ohio 2003). A state writ of habeas corpus is generally filed by someone who would otherwise be released, as it is limited to individuals who are incarcerated unlawfully. Mr. Harris is lawfully incarcerated until at least 2016 and he therefore does not have a remedy in an Ohio habeas corpus action. A writ of mandamus is also unavailable to Mr. Harris. Ohio Revised Code § 2743.16(A) requires civil actions against the state to be commenced no later than two years after the date of accrual of the cause of action. Mr. Harris's parole was effectively revoked in 1989, well beyond the expiration of the two year statute of limitations period. Because he is now procedurally barred from presenting this claim in the Ohio courts, he is precluded from presenting this claim in federal court unless he can show cause to excuse the default and actual prejudice to his proceedings. Wainwright v. Sykes, 433 U.S. 72 (1977); Davis v. United States, 411 U.S. 233 (1973). Mr. Harris has failed to do so, and is now procedurally barred from presenting this claim in a federal habeas action.

## Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 12, 2010